**LOEWER v GREIDER**

Ohio Appeals, 2nd Dist, Miami Co.

No. 376. Decided Nov. 20, 1939.

Frank C. Goodrich, Troy, for plaintiff-appellant.

Robert A. Prince, for defendant-appelee.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing plaintiff's petition in appeal from a Justice of the Peace Court.

Plaintiff in the Justice of the Peace Court recovered a judgment against defendant for $30.00 and costs. Thereafter and within a statutory period defendant executed an appeal bond of date October 24, 1937, conditioned that he would prosecute his appeal without unnecessary delay and the original papers and transcript in the case were filed in the Court of Common Pleas of date November 10, 1937. On December 9, 1937 defendant moved in Common Pleas Court for a judgment against plaintiff for costs for the reason that "the plaintiff, Rose Loewer, has failed to file her petition and in any manner to further prosecute this suit herein within time fixed by §10398 GC." Thereafter on the same date, namely, December 9, 1937, plaintiff filed her petition in the Court of Common Pleas.

Thereafter on December 16, 1937, plaintiff moved that the appeal of defendant be dismissed for the reason that he has failed to file with the Court of the Justice of the Peace a written notice of appeal as required by §12223-4 GC.

Both motions were submitted to the trial judge who sustained the motion of defendant and overruled the motion of plaintiff. The appeal is prosecuted to the judgment and is directed only to the action of the trial judge in overruling the motion to dismiss the appeal.

The motion to dismiss the appeal is predicated upon §12223-4 GC which is to effect,

"The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission."

This section is related to and requires consideration of §12223-3 GC.

"Every final order, judgment or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided, unless otherwise provided by law, except that appeals from judgments of Probate Courts and of Justices of the Peace upon questions of law and fact shall be taken in the manner now provided for in §§10501-56 to 10501-61 GC, inclusive, and §§10382 to 10398, inclusive, respectively."

The question is does the general requirement for notice under §12223-4 have application to all appeals including those from Justice of the Peace Courts or does §12223-3 GC intend that in all particulars and without respect to the notice provided for in §12223-4 appeals from Justice of the Peace Courts shall in all particulars be perfected as provided by the sections relating to appeal from said Courts, namely, §§10382 to 10398 GC, inclusive.

It is our judgment that it is the meaning of §12223-3 GC that all that is required in an appeal from the Justice of the Peace Court to the Common Pleas Court is observance of §§10382 et seq. GC, which provide the manner for taking such appeals and that there is no obligation on the appellant to file a notice of appeal in the Justice of the Peace Court because such sections make no provision therefor. The same question was so decided in DeWar v Hector, 61 Oh Ap 208. The Court, then, committed no error in overruling the motion of plaintiff to dismiss the appeal on the ground asserted.

Judgment affirmed.

GEIGER and BARNES, JJ., concur.